MERCEDES DÍAZ MIRÓ DE CABALLERO, Plaintiff and Appellee, *v.* PEDRO ORCASITAS MUÑOZ, Defendant and Appellant.

No. 6850. Argued December 3, 1934.—Decided December 6, 1934.

*González Fagundo & González Jr.* for appellant. *Dubón & Ochoteco* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The plaintiff in the case at bar alleges that she has her homestead in a certain property described in the complaint, whereby the court is requested to acknowledge a joint tenancy to the extent of $500 in the value of said property, or in default thereof, to order the defendant to pay to her said sum in concept of homestead. That complaint was noted in the registry of property of Caguas in the purview of Section 91 of the Code of Civil Procedure. The defendant requested the court to order the cancellation of said notice of *lis pendens* but the court refused the request and the defendant took this appeal from that decision. The appellee requests the dismissal of this appeal on the ground that that decision is not appealable.

The decision appealed from is not appealable in the purview of Subdivision 1 of Section 295 of the Code of Civil Procedure, that grants a right to appeal from a final judgment rendered in a suit or special proceeding, because it does

not end the litigation, since it does not decide whether the plaintiff has a right to what he requests in his complaint, for which reason the suit may continue until it is heard and decided in its merits.

This appeal does not lie either in the purview of Subdivision 3 of the aforesaid Section that grants a right to appeal against decisions refusing to annul an attachment, because we are not dealing with an attachment that requires the intervention of the court, just the same as to take cautionary notice of the complaint in the purview of the Mortgage Law, for the entry of a complaint in the registry authorized by the aforementioned Section 91 is effected in the registry of property through a notice by the party plaintiff to the registrar of the suit in question. The case of *National City Bank* v. *Court*, 47 P.R.R. 122 cited by the appellant, bears no relation to the one at bar.

The appeal should be dismissed.